

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 2 2 2015

CLERK, U.S. DISTRICT COURT
By _____
　　　　Deputy

| | | |
|---|---|---|
| KEITHAN DUVON SCOTT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:15-CV-077-A |
| | § | (Consolidated with |
| WILLIAM STEPHENS, Director, | § | No. 4:15-CV-081-A) |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Keithan Duvon Scott, a state prisoner confined in the Correctional institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as procedurally barred.

## I. BACKGROUND

The state court records reflect that in April 2013 petitioner was indicted in Tarrant County, Texas, Case No. 1319934D, for theft of more than $500 but less than $1500 for an offense occurring on March 24, 2013. Admin. R., SH04, 18, ECF

No. 9-5.   The indictment also included allegations that
petitioner had been twice previously convicted of a grade of
theft, raising the offense to a state-jail felony, and twice
previously convicted of two sequential felony offenses,
possession of a controlled substance in 2004 and robbery by
threats in 1993, increasing the punishment for the offense to
that of a second-degree felony.   *Id.*; TEX. PENAL CODE ANN. §§
12.425(b) & 31.03(e)(4)(D) (West Supp. 2014).   On May 22, 2013,
petitioner entered an open plea of guilty to the felony-theft
offense, and, on July 31, 2013, he pleaded true to the state-
jail-felony enhancement paragraph, and the trial court sentenced
him to five years' imprisonment.   Admin. R., SH04, 20, ECF No. 9-
5.   Petitioner did not directly appeal his conviction or sentence
but filed three state-habeas applications challenging his five-
year sentence.   Pet. 3, ECF No. 1.

In the first state application, which was denied without
written order by the Texas Court of Criminal Appeals, petitioner
claimed his sentence was void because he only had one prior theft
conviction.   Admin. R., SH04, 7, ECF No. 9-5 & ECF No. 9-4.   In
the second application, which was dismissed as a subsequent
application by the Texas Court of Criminal Appeals, petitioner
claimed that his trial counsel was ineffective by coercing him to

2

plead guilty to a state-jail felony while allowing the trial
court to assess a second-degree-felony punishment and that his
"theft of property under [$]1500 is not enhancable [sic] beyond a
state jail felony"; thus, his 5-year sentence is "a void
punishment . . . exceeding authorized punishment" under relevant
state-statutory provisions.  Admin. R., SH05, 7-10, ECF No. 9-7 &
ECF No. 9-6.  Finally, in his third application, which was also
dismissed as a subsequent application by the Texas Court of
Criminal Appeals, petitioner claimed he is actually innocent of
the enhanced sentence and that his trial counsel and the trial
court knew or should have known through investigation of the
facts and law relevant to his case that his sentence was
improperly enhanced and his sentence void.  Admin. R., SH06, 7-8,
ECF No. 9-9 & ECF No. 9-8.

## II.   ISSUES

In his two federal petitions, which have been consolidated,
petitioner claims he is actually innocent of the enhanced
sentence under *Schlup v. Delo,* 513 U.S. 298 (1995); that his
trial counsel was ineffective by failing to conduct an
investigation into the law relevant to his case; and that the
state and trial court knew or should have known of his counsel's
incompetence but took no "remedial" action, thereby allowing him

3

to be sentenced outside the statutory guidelines. Pet., No. 4:15-CV-081-A, 6, ECF No. 1; Pet., No. 4:15-CV-077-A, 6, ECF No. 1.

### III.   PROCEDURAL DEFAULT

Respondent asserts that petitioner failed to properly exhaust his claims and that the claims are procedurally barred from federal habeas review.  Resp't's Answer 3-7, ECF No. 11.

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state on direct appeal or in state post-conviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition." *Reed v. Stephens,* 739 F.3d 753, 780 (5th Cir. 2014) (quoting *Anderson v. Johnson,* 338 F.3d 382, 386 (5th Cir. 2003)).

In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals.  *Richardson v. Procunier*,

4

762 F.2d 429, 431-32 (5th Cir. 1985).  Therefore, a Texas
prisoner may typically satisfy the exhaustion requirement by
presenting both the factual and legal substance of a claim to the
Texas Court of Criminal Appeals in either a petition for
discretionary review or a state habeas post-conviction
proceeding.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015);
*Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

    Petitioner did not file a petition for discretionary review;
thus it was necessary that he raise his claims in a properly-
filed state-habeas application under article 11.07 of the Texas
Code of Criminal Procedure.  Petitioner raised the following
claim and supporting facts in his first properly-filed state-
habeas application:

> Void Sentence and Enhancement Procedure Problems
>
> The court record will show that I only have one
> conviction in 2011 or 2010 of (theft of property under
> 1,000.)  I'm currently being held on a five year
> sentence under a faulty prior conviction.

Admin. R., SH04, 7, ECF No. 9-5.

    This claim does not sufficiently correspond to the grounds
raised in petitioner's second or third state applications or his
federal petitions.  Thus, petitioner's claims raised for the
first time in his second and third state applications, which were

5

dismissed as successive, or in his federal petitions are unexhausted for purposes § 2254(b)(1)(A).

Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)-(c). The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's claims are unexhausted and procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

In an attempt to excuse the procedural default, petitioner asserts that he is actually innocent under *Schlup*, that trial counsel was ineffective by failing to know the law, and that the prosecution and trial court withheld the fact that he was receiving incompetent representation. However, the United States Supreme Court has not yet held that the actual-innocence exception extends to noncapital sentencing error. *See Dretke v. Haley*, 541 U.S. 386, 393-94 (2004). And, even assuming actual-innocence did apply in this context, petitioner presents no "new reliable evidence" not presented at the sentencing hearing as

6

required by *Schlup*.

Furthermore, now and at the time of petitioner's offense, §

12.425(b) of the Texas Penal Code provides:

> If it is shown on the trial of a state jail felony . .
> . that the defendant has previously been finally
> convicted of two felonies other than a state jail
> felony . . ., and the second previous felony conviction
> is for an offense that occurred subsequent to the first
> previous conviction having become final, on conviction
> the defendant shall be punished for a felony of the
> second degree.

TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2014).

The indictment in petitioner's case included a state-jail-

felony enhancement paragraph alleging two sequential non-state-

jail felonies. Therefore, once petitioner pleaded guilty to the

state-jail theft offense and true to the enhancement allegation,

he was subject to being punished for a second-degree felony.

Because his sentence was properly enhanced under state law,

petitioner's claims of ineffective assistance and suppression of

favorable information by the prosecution or the trial court

necessarily fail. Accordingly, petitioner cannot show cause or

prejudice to excuse his procedural default as to any ineffective-

assistance or *Brady* claim.

Finally, claims based solely on state law are generally not

cognizable in a § 2254 proceeding. A state prisoner seeking

7

federal review pursuant to § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir.1994). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Pemberton v. Collins,* 991 F.2d 1218, 1223 (5th Cir. 1993). Whether an offense has been properly enhanced is generally a matter of state law. *Rubio v. Estelle,* 689 F.2d 533, 536 (5th Cir.1982); *Donald v. Jones,* 445 F.2d 601, 606 (5th Cir.1971); *Ware v. Dretke,* No. 3:02-CV-2151-N, 2005 WL 701035, at *2 (N.D.Tex. Mar.23, 2005), *adopted,* 2005 WL 1025964 (N.D.Tex. Apr.28, 2005) (not designated for publication). Petitioner fails to demonstrate how the enhancement implicates a federal constitutional violation. Accordingly, to the extent he claims his sentence was illegally enhanced, petitioner fails to articulate and develop a federal constitutional claim.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as procedurally barred. The court further ORDERS that

8

a certificate of appealability be, and is hereby denied.

     SIGNED September _____, 2015.


                                                 JOHN MCBRYDE
                                               UNITED STATES DISTRICT JUDGE